ORDER
The opinion filed on April 14, 1988, is hereby withdrawn. In its place we file the attached opinion.
OPINION
BEEZER, Circuit Judge:
Onouli-Kona Land Co. owned property subject to a mortgage in favor of Estate of Richards, et al. After Estate of Richards sought to foreclose on the mortgage, Onou-li-Kona filed a petition in bankruptcy. The bankruptcy court ordered a foreclosure sale by public auction; Estate of Richards submitted the only bid. Onouli-Kona appealed the bankruptcy court’s order confirming the sale to Estate of Richards. The district court dismissed the appeal as moot because Onouli-Kona had failed to obtain a stay of the sale order pending appeal. We affirm.
I
In 1969 Onouli-Kona Land Co. (“Debt- or”) bought land by means of a promissory note secured by a mortgage. In 1983, after Debtor failed to pay amounts demanded, Estate of Richards, et al. (“Purchaser”) sought to foreclose on the mortgage. The state court ordered a foreclosure sale by public auction; Purchaser’s bid was the only bid.
In 1984 Debtor filed a petition in bankruptcy. In 1985 the state court confirmed the foreclosure sale to Purchaser. The bankruptcy court set aside this sale and ordered a new auction under its own supervision; Debtor did not appeal the court’s order. The second auction took place in September, 1985. Again Purchaser’s bid was the only bid.
In March, 1986 the bankruptcy court confirmed the sale to Purchaser; Debtor appealed the bankruptcy court’s confirmation order. Purchaser moved to dismiss the appeal as moot because Debtor had failed to obtain a stay of the sale pending appeal. The district court granted Purchaser’s motion.
On appeal Debtor argues that pursuant to 11 U.S.C. § 363(m), an appeal from a sale in bankruptcy is moot for want of a stay only when a bankruptcy trustee made the sale. Debtor also argues that the appeal is not moot because Purchaser is a party to the appeal; circumstances have not changed; Purchaser did not buy the property in good faith and for value; and Debtor’s filing of a notice of lis pendens preserved Debtor’s rights.
II
Bankruptcy’s mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor’s assets. Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant’s failure to obtain a stay moots the appeal. Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423 (9th Cir.1985).
*1172 Debtor argues that the mootness rule does not apply in this case because 11 U.S.C. § 363(m) limits the mootness rule to appeals from sales by a bankruptcy trustee. In Algeran, however, we pointed out that the judiciary established bankruptcy’s mootness rule long ago. 759 F.2d at 1424. Reviewing an appeal from a foreclosure sale, we stated that “[w]e agree with the Eleventh Circuit ... that the omission from Section 363(m) of [general language] does not indicate an intent that a conveyance by someone other than a trustee is now outside the general rule of mootness when a stay pending appeal has not been obtained.” 759 F.2d at 1424 (citing In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d 1294, 1296 (11th Cir.1984)).
Bankruptcy’s mootness rule “developed from the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy.” Algeran, 759 F.2d at 1424. These alternative rationales — the “general rule” and the “particular need” — have produced some tension in our case law. In considering the “general rule,” we occasionally have found that lack of a stay would not moot the appeal from a foreclosure sale because circumstances would permit the court to grant relief to the parties. Sun Valley Ranches, Inc. v. Equitable Life Assurance Soc’y of the United States (In re Sun Valley Ranches, Inc.), 823 F.2d 1373, 1375 (9th Cir.1987); Rosner v. Worcester (In re Worcester), 811 F.2d 1224, 1228 (9th Cir.1987); Crown Life Ins. Co. v. Springpark Assocs. (Matter of Springpark Assocs.), 623 F.2d 1377, 1379 (9th Cir.1980).
In other cases we have emphasized the “particular need” for finality in bankruptcy. Giving little weight to the ability or inability of the court to afford relief, we have analyzed the lack of a stay as a jurisdictional bar to the appeal. In Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 901-02 (9th Cir.1985), we observed that the primary goal of the mootness rule “is to protect the interest of a good faith purchaser ... of the property,” thereby assuring finality of sales. In an alternative holding in Algeran we relied “on the consistent policy in recent bankruptcy law of assuring finality of judgments relating to the automatic stay.” 759 F.2d at 1423.
As Algeran suggests, this policy of finality explains most of our recent cases. In support of the policy of finality, we have applied the mootness rule regardless of whether a purchaser has taken irreversible steps following the sale. See Sulmeyer v. Karbach Enterprises (In re Exennium, Inc.), 715 F.2d 1401, 1404 (9th Cir.1983) (applying section 363(m)). A purchaser’s being party to the appeal “does not change the applicability of the mootness rule.” Al-geran, 759 F.2d at 1424 (citing In re Exen-nium, Inc., 715 F.2d at 1404). The mootness rule applies whether real estate was sold, In re Suchy, 786 F.2d at 901, or some other asset was sold, Algeran, 759 F.2d at 1422-23 (securities).
An absolute mootness rule would complement the absolute language of section 363(m). Such a rule would reinforce Bankruptcy Rule 8005, which establishes a procedure for stays in all appeals. The rule would avoid creating an incentive for the purchaser to take irreversible steps, and the rule would protect the interests of a bona fide purchaser against the fortuity that the purchaser is made party to the appeal.
Finality in bankruptcy has become the dominant rationale for our decisions; the trend is towards an absolute rule that requires appellants to obtain a stay before appealing a sale of assets. In the meantime, however, our past reliance on the rationale of a court’s inability to fashion relief leaves an exception to bankruptcy’s mootness rule. Since we first allowed this exception, for cases in which a court is able to fashion relief, the exception has operated in only one situation: “where real property is sold to a creditor who is a party to the appeal.” In re Sun Valley, 823 F.2d at 1375; see In re Worcester, 811 F.2d at 1228; Matter of Springpark Assocs., 623 F.2d at 1379. In In re Sun Valley we noted that this exception for real property *1173 sold to a party-creditor is especially appropriate “where the foreclosure sale is subject to statutory rights of redemption.” 823 F.2d at 1375.
This makes sense. To the extent that a sale is subject to rights of redemption, the sale is not truly final. Within the relevant period a debtor could always redeem the property-regardless of circumstances surrounding the sale itself. In Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979), the Supreme Court made clear that the substantive rights of parties in bankruptcy are "created and defined by state law." Statutory rights of redemption are substantive rights. If such rights would survive the sale of property in state court, they should survive the sale in bankruptcy court as well, regardless of whether an appellant failed to comply with bankruptcy procedure requiring a stay of the sale itself. See id.; see also Douglas Baird, Loss Distribution, Forum Shopping, and Bankruptcy: A Reply to Warren, 54 U.Chi.L.}tev. 815 (1987).
No such justification supports a broader exception for all real property sold to a creditor who is a party to the appeal. Other circuits have not permitted a mootness exception under these circumstances. See Markstein v. Massey Associates, Ltd., 763 F.2d 1325, 1327 (11th Cir.1985); Tompkins v. Frey (In re Bel Air Associates, Ltd.), 706 F.2d 301, 304-05 and n. 10 (10th Cir.1983); Greylock Glen Corp. v. Community Sav. Bank, 656 F.2d 1, 4 (1st Cir.1981). Accordingly, we endorse In re Sun Valley’s suggested limit to the mootness exception. The exception is available when real property is sold to a creditor who is a party to the appeal, but only when the sale is subject to statutory rights of redemption. Cf. In re Sun Valley, 823 F.2d at 1375 (suggesting that such a limitation is desirable). But see In re Worcester, 811 F.2d at 1228 (construing mootness in Alger-an as not based on need for finality in bankruptcy).
In this case real property was sold to a creditor who is a party to the appeal. But the sale was not subject to statutory rights of redemption. In this case, unlike in In re Sun Valley, Debtor did not and could not invoke any such rights. Hawaii statutes do not create the right to redeem real estate after a sale. As in In re Suchy, the appellant does not qualify for our narrow exception to bankruptcy’s mootness rule. See 786 F.2d at 902. We hold that the mootness rule applies to Debtor’s appeal from the sale order.
Ill
Bankruptcy’s mootness rule operates only when a purchaser bought an asset in good faith. See Algeran, 759 F.2d at 1424-25; 11 U.S.C. § 363(m). In this case, as in Algeran, there were no “unclean hands” in any respect. See 759 F.2d at 1425.
In In re Suchy we defined lack of good faith as “fraud, collusion ... or an attempt to take grossly unfair advantage of other bidders.” 786 F.2d at 902 (citations omitted). See Burchinal v. Central Washington Bank (In re Adams Apple, Inc.), 829 F.2d 1484, 1489 (9th Cir.1987). Debtor does not argue that Purchaser engaged in fraud or collusion, only that Purchaser took grossly unfair advantage at the auction. Debtor contends that 60 days was insufficient time to advertise a sale of a large piece of real estate; that the requirement of a cash down payment, which may have deterred other bidders, did not apply to Purchaser; and that Purchaser refused to extend the bidding period even though Debtor had elicited a possible alternative offer.
The terms of the auction came from the bankruptcy court, not from Purchaser: the bankruptcy court supervised the auction’s timing, advertising, and down payment requirement. Debtor did not appeal the order establishing terms of the auction; that order scrupulously applied Hawaii law on foreclosure sales. Purchaser did nothing wrong with respect to any of the auction’s terms.
At any rate, the terms themselves did not give Purchaser a grossly unfair advantage. During the period before the auction *1174 the sale commissioner published advertisements once a week for three weeks, issued over 300 fact sheets to possible bidders, and gave Debtor an opportunity to advertise independently. The requirement of a ten percent down payment was a reasonable means to ensure that prospective buyers would bid in earnest. That Purchaser was allowed to bid on credit is unsurprising considering that Purchaser’s bid only offset part of the $2.4 million debt that Debtor owed Purchaser.
Finally, Purchaser did nothing wrong in opposing Debtor’s motion to continue the confirmation hearings; Purchaser simply sought to enforce the auction’s original terms. As the bankruptcy court found, Debtor had no grounds for continuing the hearing. The bankruptcy court declined to wait for Debtor’s alternative offer because the offer did not promise a cash down payment. In the meantime interest was mounting on Debtor’s delinquent obligation.
Debtor cites a Third Circuit case, In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir.1986), for the notion that good faith depends on “value.” Debtor also cites In re Abbotts to contend that the bankruptcy court improperly failed to make an explicit finding of good faith. Ninth Circuit authority, however, does not make good faith depend on “value” and does not require the bankruptcy court to make an explicit finding of good faith.[1]
IV
The mootness rule, codified in part at section 363(m), complements the automatic stay, codified at section 362. The automatic stay is at the essence of bankruptcy as a procedural forum; the automatic stay makes possible the collective proceeding which sorts out non-bankruptcy entitlements. See In re Worcester, 811 F.2d at 1228.
A court may lift the automatic stay and approve an asset sale, as occurred in this case. The burden of obtaining a stay pending appeal then falls on individual parties. A party that obtains a stay returns to the world of the automatic stay; that party retains its state law entitlements within the collective proceeding. The stay is an adversarial procedure that maintains the collective proceeding; bankruptcy law superimposes the stay on an ex parte state procedure like lis pendens from the outset. See Wood v. Walker-Pinkston Cos., Inc. (In re The Brickyard), 735 F.2d 1154, 1158 (9th Cir.1984).
Compliance with state procedures like lis pendens is necessary to secure state law rights in bankruptcy or out. Regardless of compliance with these procedures, a party may fail to obtain a stay in bankruptcy. That party, pursuant to the mootness rule, accepts the sale of an asset as a final distribution from the collective proceeding.
In this case Debtor failed to obtain a stay; Debtor accepted the sale as a final distribution from the collective proceeding. Debtor’s filing of a notice of lis pendens preserved no rights of Debtor that remained intact after Debtor’s failure to obtain a stay. See id.
V
Bankruptcy’s mootness rule applies in this case. The exception we articulated in In re Sun Valley for real property sold to *1175 a party-creditor is only appropriate when a foreclosure sale is subject to statutory rights of redemption; Hawaii has created no such rights. Purchaser bought the property in good faith, and Debtor’s filing of lis pendens does not substitute for Debt- or’s failure to obtain a stay. Debtor’s appeal is moot.
AFFIRMED.

. Even under the authority Debtor invokes, the mootness rule would operate in this case. The court in In re Abbotts says, "Generally speaking, an auction may be sufficient to establish that one has paid 'value' for the assets of a bankrupt." 788 F.2d at 149. An auction is sufficient to establish that the purchaser has paid value so long as the purchaser bought the debtor’s property in good faith. 788 F.2d at 149. As discussed before. Purchaser bought Debtor's property in good faith; under In re Abbotts Purchaser, at the auction, bought Debtor’s property for value.
Further, in In re Abbotts the court requires an explicit finding of good faith because "[c]onsid-ering ADC’s lucrative offer of employment to Mr. Gwinn, the timing of Abbotts’ petitions in bankruptcy, and its motion for approval of the Interim Agreement, the situation was ripe for collusion and interested dealing between ADC and Abbotts.” 788 F.2d at 149. Debtor in this case does not show that circumstances made the foreclosure sale ripe for bad faith by Purchaser; under In re Abbotts the bankruptcy court did not need to make an explicit finding of good faith.