In re Dwight Cornell MARTIN, Debtor.

Dwight Cornell MARTIN, Appellant,

v.

GREAT WESTERN BANK and Paul De Bruce Wolff, Appellees.

BAP NO. NC 88–1241 MoPR.
Bankruptcy No. 4–88–00779 PW3.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted Oct. 20, 1988.

Decided March 9, 1989.

David Ashley Smyth, Oakland, Cal., for appellant.

Kurt V. Jaenike, Walnut Creek, Cal., for appellees.

Before MOOREMAN, PERRIS and RUSSELL, Bankruptcy Judges.

a pro per debtor the bankruptcy court merely sought to insure the implementation of the plan.

**1010**

## OPINION

MOOREMAN, Bankruptcy Judge:

By this appeal, the appellant (debtor) seeks to set aside an order from the bankruptcy court dismissing the bankruptcy case.

## FACTS

Great Western Bank (appellee) held a promissory note executed by the debtor, which was secured by the debtor's residence. Apparently, the debtor defaulted on the loan and the appellee initiated foreclosure proceedings. However, prior to the scheduled trustee sale, the debtor's wife filed a Chapter 7 petition. In July 1986, the automatic stay was terminated, and the appellee scheduled its trustee sale for October 8, 1986. On October 7, 1986, the debtor filed a Chapter 13 petition, however, the case was later dismissed.

Appellee again rescheduled its trustee sale for October 16, 1987, however, the debtor filed a second Chapter 13 petition on October 15, 1987. Appellee obtained an order terminating the automatic stay and again rescheduled its trustee's sale for February 22, 1988. At Oral Argument, the attorney for the debtor stated that the second bankruptcy case was dismissed on January 27, 1988.

On February 19, 1988, the debtor filed the instant Chapter 13 petition and on the same date offered to pay the appellee the sum of $4,000.00 (amounting to approximately three months of payments). The appellee refused and filed an ex parte application to Dismiss the Case For Cause.

The bankruptcy court granted the appellee's motion to dismiss and the debtor filed a timely notice of appeal.

## DISCUSSION

The initial issue before this Panel is whether the instant appeal is moot. The appellee points out that the property at issue was sold at the trustee's sale on March 15, 1988.[1] The debtor does not dispute the validity of the trustee's sale and did not seek or obtain any stay pending appeal. The debtor argues in his opening brief that he "has an equitable right to redeem his property within a reasonable time after the foreclosure sale." Appellant's Brief at 7.

In addressing the bankruptcy mootness rule, the Ninth Circuit has recognized that "when an appellant fails to obtain a stay from an order that permits a sale of the debtor's asset," the appeal will be rendered moot. *In re Onouli–Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir.1988). An exception to this rule exists "when real property is sold to a creditor who is a party to the appeal" and "the sale is subject to statutory rights of redemption." *Id.* at 1173. Under California law, the debtor was entitled to redeem the property by curing the default prior to the nonjudicial foreclosure sale. Cal.Civil Code § 2924c (West 1987).

In the instant case, the nonjudicial foreclosure sale occurred over six months ago, and no post sale statutory rights of redemption exist. The debtor cites the case of *Karlsen v. American Savings & Loan*, 92 Cal.Rptr. 851, 15 Cal.App.3d 112 (1971), for the proposition that he is entitled to a "reasonable time" to redeem the subject property. This argument is without merit since *Karlsen* clearly involved a case in which "[the appellee] conceded that the sale was *initially voidable*," thereby allowing the appellant a right to redeem the property. *Id.* at 856, 15 Cal.App.3d 112. Unless some irregularity in the foreclosure proceedings is established, the trustee's sale will not be deemed invalid. *See e.g. Miller v. Cote*, 179 Cal.Rptr. 753, 127 Cal.App.3d 888 (4th Dist.1982).

In the instant case, the debtor has failed to allege or establish any impropriety in the non-judicial foreclosure sale. Accordingly, no rights of redemption exist under California state law and this appeal must be dismissed as moot. *In re Onouli–Kona Land Co.*, 846 F.2d at 1171.

---

**1.** Apparently, the appellee Great Western Bank was the successful bidder at the sale.