978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Eileen Bradley D'ZESATI, Debtor.
Eileen Bradley D'ZESATI, Appellant,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee.
 No. 87-1654.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eileen Bradley D'Zesati appeals pro se from an order of the Bankruptcy Appellate Panel ("BAP") denying her motion to reopen her appeal. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 In her appeal to the BAP, D'Zesati sought to challenge the bankruptcy court's order granting the Federal National Mortgage Association relief from the automatic stay provision of 11 U.S.C. § 362 and allowing the FNMA to foreclose on certain real property where D'Zesati resided. Pursuant to the bankruptcy court's order, a trustee's sale was held in December 1985, and the property reverted to the FNMA. D'Zesati appealed to the BAP in January 1986. The BAP dismissed the appeal as moot and denied D'Zesati's motion to reopen.
 
 
 4
 When a debtor fails to obtain a stay from the bankruptcy court's order authorizing the sale of the debtor's property, an appeal filed after the sale is moot. Ewell v. Diebert (In re Ewell), 958 F.2d 276, 279 (9th Cir.1992) (citing Bankr.R. 8005); Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1171 (9th Cir.1988); cf. Mann v. Alexander Dawson Inc. (In re Mann), 907 F.2d 923, 926 (9th Cir.1990) (discussing two exceptions to the mootness rule; a sale does not moot the case: (1) if real property is sold to a creditor subject to the right of redemption, or (2) if state law would otherwise permit the transaction to be set aside).
 
 
 5
 D'Zesati did not seek a stay of the foreclosure proceedings, and she appealed to the BAP after the property had been sold. Her case did not fit within either of the exceptions to the mootness rule. Therefore, the BAP correctly determined that her appeal was moot. See In re Ewell, 958 F.2d at 279; In re Onouli-Kona Land Co., 846 F.2d at 1171. Finally, D'Zesati's motion to reopen the appeal presented no valid basis for such relief.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3