978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Sheila WAINSCOTT, Debtor.
Sheila WAINSCOTT, Appellant,
v.
MARMAG INVESTMENTS; World Savings; J. Dobias; V. Dobias;
Nellan's Carpet; Home Savings of America; Great
American Bank; Gold Coast Investments, Appellees.
 No. 91-56240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sheila Wainscott appeals pro se the Bankruptcy Appellate Panel's order dismissing her appeal of a bankruptcy court order as untimely. We dismiss the appeal as moot.
 
 
 3
 In January 1991, the property at the center of this appeal was sold at a trustee's sale to Marmag Investments, one of Wainscott's creditors and a party to this appeal.[1] Wainscott no longer has a right of redemption in the property. Nor is there anything in the record to suggest that the sale could otherwise be set aside under state law. This appeal is therefore moot. See Mann v. Alexander Dawson Inc. (In re Mann), 907 F.2d 923, 926 (9th Cir.1990); Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1171-73 (9th Cir.1988).
 
 
 4
 Wainscott's request for attorney's fees is denied. Appellees' request for an injunction barring Wainscott from filing any further appeals against appellees is denied.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Wainscott's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In her reply brief, Wainscott refers to a second piece of property located at 6014 Chateau Drive in San Diego. It appears, however, that this property is the subject of a separate action. Accordingly, our determination of whether this appeal is moot is not affected