46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Joanne M. WESTON, Debtor.
Joanne M. WESTON, dba: Weston Enterprises, Appellant,
v.
FIRST INTERSTATE BANK; Franklin S. Cibula, Appellees.
 No. 93-16703.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joanne M. Weston appeals pro se the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's denial of Weston's motions to vacate her Chapter 7 discharge and to rescind and enjoin efforts by First Interstate Bank to foreclose on certain property. Weston also appeals the BAP's imposition of sanctions against her for filing a frivolous appeal. We have jurisdiction under 28 U.S.C. Sec. 158(d). We review de novo the BAP's decision. Siriani v. Northwestern Nat'l Ins. Co. (In re Siriani), 967 F.2d 302, 303 (9th Cir.1992). The bankruptcy court's conclusions of law are also reviewed de novo, and its findings of fact are reviewed for clear error. Id. at 303-04. We may affirm the BAP on any basis supported by the record. Id. at 304. We affirm in part and reverse in part.
 
 I.
 
 3
 In 1985, Weston filed her first bankruptcy petition. Seven years later, the bankruptcy court issued a discharge in one of Weston's two, jointly administered cases even though at least one prior appeal from the same cases was still pending. The discharge lifted an automatic stay and rendered vulnerable to foreclosure certain property that had previously been abandoned to Weston. To regain protection under the automatic stay, Weston moved to vacate the discharge on the ground the bankruptcy court lacked jurisdiction to issue the discharge while an appeal was pending. Weston also sought an order rescinding and enjoining efforts by First Interstate Bank to foreclose on the property. The bankruptcy court denied the motions and entered a discharge in the second bankruptcy case. The court also denied Weston's motions for reconsideration and stay pending appeal.[1] After the BAP affirmed the bankruptcy court and sanctioned Weston for filing a frivolous appeal, Weston noticed her appeal to this court. In the meantime, First Interstate Bank foreclosed on the property for which Weston sought the protection of an automatic stay.[2]
 
 II.
 
 4
 Federal courts lack jurisdiction to decide moot questions. E.g., Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir.1993). An issue is moot if it is no longer live or the parties lack a cognizable interest in the outcome. Id. Essentially, the question is whether effective relief can still be granted. Id.
 
 
 5
 Because the discharges entered by the bankruptcy court were never stayed, they lifted the automatic stay, see 11 U.S.C. Sec. 362(c)(2)(C), and permitted Weston's creditors to conduct the foreclosure. Therefore, Weston's efforts to prevent foreclosure are moot.
 
 
 6
 As Weston knows from her prior appeals, foreclosures conducted while an automatic stay has been lifted will not be invalidated simply because the order lifting the stay may have been erroneous. Weston v. Rodriquez (In re Weston), 110 B.R. 452, 455-57 (E.D.Cal.1989), aff'd mem. 967 F.2d 596 (9th Cir.1992), cert. denied, 113 S.Ct. 973 (1993). Weston argues we could still address whether First Interstate Bank violated the automatic stay, but she asserts no ground on which we might undo the foreclosure. We, therefore, conclude her efforts to prevent foreclosure are now moot. See id. at 457-58; Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1171 (9th Cir.1988) (stating that appeal generally moot where appellant failed to obtain stay of order permitting sale of debtor's assets); see also Mann v. Alexander Dawson Inc. (In re Mann), 907 F.2d 923, 926-28 (9th Cir.1990).
 
 III.
 
 7
 To the extent that Weston's challenge to her discharges otherwise remains alive, see In re Mann, 907 F.2d at 928 n. 7, we find no basis on which to reverse the BAP's affirmance of the bankruptcy court. While Weston argues that the bankruptcy court lacked jurisdiction to enter the discharges because appeals were pending, this appears to be true only with respect to the first discharge. In any event, the rule that an appeal divests lower courts of jurisdiction is merely prudential, designed to prevent confusion and waste; the rule should not be invoked where doing so would defeat its purposes. Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir.), cert. denied, 488 U.S. 948 (1988). We see no reason to invoke the rule here.
 
 
 8
 As we have explained, vacating Weston's discharges would not affect her creditors' past actions, and we expect that future actions would also remain substantially unaffected because the bankruptcy court likely would enter new discharges immediately upon remand. Moreover, there is no indication that vacating the discharges would aid the administration of Weston's bankruptcy. Because the bankruptcy estate is solvent, the discharges have little effect other than lifting the automatic stay.
 
 
 9
 Weston claims the discharges could have mooted her pending appeals, but the appeals pending in this court have either been resolved without reference to the discharges, or will not be affected by the discharge.[3] Weston also asserts that, unless the discharges are vacated, the bankruptcy court will not be able to hold the hearing on attorney's fees ordered by the BAP and affirmed by the Ninth Circuit. See Weston v. First Interstate Bank, No. 91-15722, 1992 WL 16807, at ** 1 (9th Cir. Feb. 4, 1992), cert. denied, 113 S.Ct. 442 (1992). Whether the discharges would prevent this hearing is doubtful, however, and in any event the fee issue appears moot. According to Weston, First Interstate Bank recovered its attorney's fees in state court rather than pursuing them in the bankruptcy proceedings.
 
 
 10
 Because the timing of Weston's discharges makes no significant difference in these cases, we conclude the BAP did not err either by affirming the bankruptcy court's refusal to vacate the discharges or by denying Weston's motion for reconsideration.[4]
 
 IV.
 
 11
 While we agree with the BAP that the discharges should not be vacated, Weston's legal arguments are not so lacking in merit to warrant sanctions.[5] When the first discharge was entered, one of the issues still pending on appeal was whether the bankruptcy court properly converted Weston's bankruptcies from Chapter 11 to Chapter 7. By granting a discharge while this issue was pending on appeal, the bankruptcy court created a potential for conflict with appellate rulings. Thus, Weston's argument that the discharges should not have been entered is not frivolous, even though the conversion was eventually affirmed. Although the BAP cited several other reasons for rejecting Weston's appeal, none of them is so clear under the law of this circuit as to prevent Weston from making reasonable arguments on appeal. Significantly, Weston's prior appeals have met with some success; thus far, her bankruptcy litigation has not been merely vexatious. We, therefore, reverse the sanctions imposed by the BAP and deny First Interstate Bank's request for additional sanctions. See In re Mann, 907 F.2d at 928 (declining to impose sanctions for arguments that are weak but not frivolous).
 
 
 12
 AFFIRMED IN PART and REVERSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, First Interstate Bank's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the bankruptcy court previously granted a stay in at least one of Weston's bankruptcies, the court's subsequent orders effectively vacated that stay. Weston subsequently reapplied for a stay pending appeal, but the bankruptcy court apparently did not rule on the motion. Weston did not seek relief from the court's delay, and we are now unable to attribute any legal significance to the renewed stay request
 
 
 [2]
 According to Weston, a California court has "ruled that the [foreclosure] sale [was] properly conducted." In a motion filed with this court on September 12, 1994, Weston requests review of the state court's jurisdiction to make this finding. We deny the motion because no federal court order prohibited the state court from exercising jurisdiction and federal courts ordinarily cannot review state court judgments. See, e.g., Partington v. Gedan, 961 F.2d 852, 864 (9th Cir.), cert. denied, 113 S.Ct. 600 (1992)
 
 
 [3]
 Weston also refers to appeals pending before the BAP and district court, but at least one of these appeals appears to have been resolved and Weston does not explain how these appeals might be affected by the discharges
 
 
 [4]
 Similarly, the bankruptcy court did not violate Fed.R.Bankr.P. 8005 by failing to specify "terms as will protect the rights of all parties in interest" when it entered the discharges
 
 
 [5]
 Although the BAP's decision to impose sanctions may be subject to the "abuse of discretion" standard of review, a court abuses its discretion if its decision rests on an erroneous legal premise, and questions of law are reviewed de novo. Layman v. Combs, 994 F.2d 1344, 1353 n. 4 (9th Cir.1992), cert. denied, 114 S.Ct. 303 (1993)