87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Glicerio D. RAMIREZ, Debtor.
Glicerio D. RAMIREZ, Appellant,
v.
STANDARD MORTGAGE COMPANY, a California corporation;
William H. Boehmler, Appellees.
 No. 95-56582.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 11 debtor Glicerio D. Ramirez appeals pro se the Bankruptcy Appellate Panel's (BAP) order denying his motion to stay pending appeal of the bankruptcy court's order granting secured creditors, Standard Mortgage Company, Inc. and William H. Boehmler (collectively "Standard Mortgage"), relief from the automatic stay of proceedings pursuant to 11 U.S.C. § 362. Ramirez also appeals from the BAP's order denying his motion for a rehearing.
 
 
 3
 The BAP exercised jurisdiction pursuant to 28 U.S.C. § 158(b). We exercise jurisdiction pursuant to 28 U.S.C. § 158(d), and we dismiss Ramirez's appeal as moot.
 
 
 4
 "Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets." In re Onouli-Kona Land Co. (Onouli-Kona Land Co. v. Estate of Richards), 846 F.2d 1170, 1171 (9th Cir.1988). The rule dictates that the appellant's failure to obtain a stay moots the appeal. Id.; see also Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423 (9th Cir.1985). The fact that the purchaser of the debtor's assets is party to the appeal, as here, normally has no effect on the mootness rule. See In re Mann (Mann v. Alexander Dawson Inc.), 907 F.2d 923, 926 (9th Cir.1990).
 
 
 5
 There is, however, an exception to the mootness rule, which applies when (1) "real property is sold to a creditor who is a party to the appeal"; and (2) "the sale is subject to statutory rights of redemption." In re Onouli-Kona Land Co., 846 F.2d at 1173. Because the real property subject to the order for relief from the automatic stay, Ramirez's house, was sold to Standard Mortgage at a foreclosure sale on January 12, 1996, we must determine whether that sale is subject to redemption.
 
 
 6
 State law determines whether a sale is "truly final" under applicable redemption statutes. See id. "In California, the period for redemption runs from the time the foreclosure sale is noticed until five business days before the sale is scheduled to take place." In re Mann, 907 F.2d at 926. "[N]o post sale statutory rights of redemption exist." In re Martin (Martin v. Great Western Bank), 96 B.R. 1009 (Bankr. 9th Cir.1989).
 
 
 7
 Because no exception to the bankruptcy mootness rule applies to the circumstances presented, and it is uncontested that Ramirez has failed to obtain a stay from the order that permitted the sale of his assets, we dismiss his appeal as moot. See In re Onouli-Kona Land Co., 846 F.2d at 1171.
 
 
 8
 DISMISSED.
 
 
 
 *The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4.
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3