98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Frank T. DONALDSON & Patricia K. Donaldson, Debtors.
Frank T. DONALDSON; Patricia K. Donaldson, Appellants,
v.
Jeffry G. LOCKE, Trustee; World Savings & Loan Association,
Appellees.
 No. 95-16771.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank and Patricia Donaldson appeal pro se the Bankruptcy Appellate Panel's ("BAP") dismissal as moot of their appeal from the bankruptcy court's order approving a compromise of a controversy between the Chapter 7 trustee and World Savings and Loan Association, regarding the sale of the Donaldsons' residence, which had been foreclosed upon by World Savings. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 The Donaldsons contend that the BAP erred by dismissing their appeal as moot because their home was not sold to a good faith purchaser and therefore, the sale can be set aside. This contention lacks merit.
 
 
 4
 We review de novo a decision of the BAP. Steelcase, Inc. v. Johnston (In re Johnston ), 21 F.3d 323, 326 (9th Cir.1994).
 
 
 5
 A trustee, after notice and a hearing, may sell the property of the estate. 11 U.S.C. § 363(b)(1).
 
 
 6
 The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 
 
 7
 Id. at § 363(m).
 
 
 8
 Where a debtor fails to obtain a stay of an order approving the sale of the debtor's assets, an appeal is moot. Estate of Onouli-Kona Land Co. v. Richards ( In re Onouli-Kona Land Co. ), 846 F.2d 1170, 1171 (9th Cir.1988). The mootness rule operates only when a purchaser bought an asset in good faith. Id. at 1173. Lack of good faith is defined as fraud, collusion, or an attempt to take grossly unfair advantage. Id.
 
 
 9
 Here, the Donaldsons appealed the bankruptcy court's approval of a compromise of controversy, but failed to seek a stay pending appeal. The Donaldsons also failed to object to the bankruptcy court's order granting the trustee's motion to sell their residence and failed to request or obtain a stay of the order approving the sale pending the outcome of this appeal. Moreover, although the Donaldsons have alleged fraud, collusion, or unfair advantage on the part of the third party purchasers, they have failed to come forward with any evidence of fraud.
 
 
 10
 Because the Donaldsons failed to obtain a stay pending appeal and because their residence was sold to a good faith purchaser, this appeal is moot. See id. at 1174-75.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Donaldsons' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' request for judicial notice is granted