127 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Hussein YOUSSEF; Zeinab Youssef, Debtors,
Hussein YOUSSEF; Zeinab Youssef, Appellants,
v.
MORRISON ENTITY; The Bank of America; Cal Fed Savings;
LFCU; Bankcard Services, Appellees.
 No. 97-55559.
 United States Court of Appeals, Ninth Circuit.
 Decided Oct. 27, 1997.
Submitted October 20, 1997**
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel
 Robert C. Jones, Alfred C. Hagan, and Sidney C. Volinn, Judges, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Debtors Hussein and Zeinab Youssef appeal the order of the Bankruptcy Appellate Panel ("BAP") dismissing as moot their appeal from the bankruptcy court's order which converted the Youssefs' Chapter 11 bankruptcy to a Chapter 7 bankruptcy and allowed creditor Morrison Entity relief from the automatic stay in order to foreclose on the Youssefs' residence. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm. "Mootness is a jurisdictional issue which we review de novo." Arnold & Baker Farms v. United States (In re Arnold & Baker Farms), 85 F.3d 1415, 1419 (9th Cir.1996), cert. denied, 117 S.Ct. 681 (1997).
 
 
 3
 First, the Youssefs' contention that 11 U.S.C. § 363(m) limits the mootness rule to appeals from sales by a bankruptcy trustee lacks merit. See Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1172 (9th Cir.1988).
 
 
 4
 Second, the Youssefs contend that their appeal was not moot because California's law requiring Morrison to republish the notice of sale after termination of the automatic stay permits the transaction to be set aside. We disagree.
 
 
 5
 Generally, when a debtor appeals a bankruptcy court's order lifting the automatic stay to permit a sale of the debtor's assets, the debtor's failure to obtain a stay pending appeal renders the appeal moot. See In re Onouli-Kona Land Co., 846 F.2d at 1171. The mootness rule does not apply where state law would otherwise permit the transaction to be set aside. See Mann v. Alexander Dawson Inc. (In re Mann), 907 F.2d 923, 926 (9th Cir.1990). California law does not require further notice when a continued sale follows a termination of the automatic stay. See Cal. Civ.Code § 2924g(d) (West 1997); Abdallah v. United Sav. Bank, 51 Cal.Rptr.2d 286, 292 (Cal.Ct.App.1996), cert. denied, 117 S.Ct. 746 (1997).
 
 
 6
 Here, because the Youssefs failed to obtain a stay pending appeal, see In re Onouli-Kona Land Co., 846 F.2d at 1171, and because California law does not otherwise permit the transaction to be set aside, see In re Mann, 907 F.2d at 926; Cal. Civ.Code § 2924g(d), their appeal is moot.
 
 
 7
 Third, the Youssefs' contention that their appeal was not moot because Morrison did not purchase the property in good faith lacks merit because the Youssefs have not demonstrated any fraudulent behavior or an attempt to take unfair advantage. See Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir.1986).
 
 
 8
 Accordingly, we affirm the BAP's dismissal of the Youssefs' appeal as moot. See In re Arnold & Baker Farms, 85 F.3d at 1419.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellants' request for judicial notice is denied