**In re: REPUBLIC/FUDGE/LEE PARTNERS, Debtor,**

**Lion LLC, Appellant,**

v.

**Byron Z. Moldo, Chapter 7 Trustee, Appellee.**

No. 00–55842, 00–55843.
BAP No. CC–99–01768–KBP.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2001 *.

Decided Oct. 30, 2001.

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM **

Lion LLC, a limited liability company of the island of Nevis and the alter ego of its attorney, Reg Fudge, Jr., appeals the decision of the Bankruptcy Appellate Panel which dismissed Lion's appeal as moot. We agree with the BAP and dismiss also.

(1) The BAP was correct when it determined that this appeal is moot. The prop-

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

erty in question has been sold. When that occurs, we are rarely in a position to fashion relief. *See Onouli–Kona Land Co. v. Estate of Richards (In re Onouli–Kona Land Co.),* 846 F.2d 1170, 1173–74 (9th Cir.1988). That rarity does not exist here.*** Moreover, the sale was to a good faith purchaser, and cannot be modified or set aside. *See* 11 U.S.C. § 363(m); *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.),* 163 F.3d 570, 577 (9th Cir.1998); *Onouli–Kona Land,* 846 F.2d at 1173–74. Thus, we must dismiss this appeal. *See Neary v. Padilla (In re Padilla),* 222 F.3d 1184, 1189 (9th Cir. 2000); *Village of Gambell v. Babbitt,* 999 F.2d 403, 406 (9th Cir.1993).

(2) In his brief, Byron Z. Moldo, the bankruptcy trustee, asks that we impose damages upon Fudge because he has brought a frivolous appeal before this court. *See* 28 U.S.C. § 1912; Fed. R.App. P. 38. We agree that, especially in light of the dismal history of Fudge's behavior in this and the related proceedings, the appeal is frivolous indeed. The result was obvious and the arguments were entirely devoid of merit. *See NLRB v. Unbelievable, Inc.,* 71 F.3d 1434, 1441 (9th Cir.1995); *Gaskell v. Weir,* 10 F.3d 626, 629 (9th Cir.1993); *Cannon v. Hawaii Corp. (In re Hawaii Corp.),* 796 F.2d 1139, 1144 (9th Cir.1986). Moldo should make a separate motion, which we will then consider pursuant to the procedures in Ninth Circuit Rule 39–1.

DISMISSED, as moot.

---

*** The determinations that Lion had sufficient notice, that it is an alter ego of Fudge, and that the buyer acted in good faith are all final, and are not subject to collateral attack in this proceeding. *See Lowenschuss v. Selnick (In re Lowenschuss),* 171 F.3d 673, 678 n. 4 (9th Cir.1999); *see also IRS v. Palmer (In re Palmer),* 207 F.3d 566, 568 (9th Cir.2000).