NOT FOR PUBLICATION

FILED

MARCH 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SOUTH COAST OIL CORPORATION,<br><br>　　　　　　Debtor,<br><br>——————————————<br><br>JOSEPH M. PALLADINO, individually and in his capacity as Trustee for the Alfred Joseph Palladino 1994 Trust; and BG/ANGUS JOINT VENTURE,<br><br>　　　　　　Appellants,<br><br>　v.<br><br>E&B NATURAL RESOURCES MANAGEMENT CORPORATION; ELYSIUM WEST, LLC; and JAMES J. JOSEPH, Chapter 11 Trustee for the Bankruptcy Estate of South Coast Oil Corporation,<br><br>　　　　　　Appellees. | No. 12-56043<br><br>D.C. No. 8:12-cv-00318-JVS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California

————————————

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

James V. Selna, District Judge, Presiding

Argued and Submitted February 12, 2014
Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District Judge.[**]

Joseph Palladino ("Palladino") appeals the district court's dismissal of his appeal of the bankruptcy court's order authorizing the Chapter 11 trustee to sell debtor South Coast Oil Corporation's interest in the stock of Angus Petroleum Corporation ("Angus") to Elysium West, LLC ("Elysium").[1] "We review de novo the district court's decision on appeal from the bankruptcy court, applying the same standards applied by the district court, without deference to the district court." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012). "The bankruptcy court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error." *Id.* We affirm.

Palladino's appeal is moot under 11 U.S.C. § 363(m) because he did not obtain a stay pending appeal before the sale closed, and the bankruptcy court's finding that Elysium was a good-faith purchaser was not clearly erroneous. *See*

[**] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

[1] On March 5, 2014, Bob Grayson, individually and on behalf of the BG/Angus Joint Venture, and appellees jointly moved to dismiss the appeal as to the BG/Angus Joint Venture. We grant the motion in a separate order. *See* Fed. R. App. P. 42(b).

*Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 576 (9th Cir. 1998) ("When a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." (citing 11 U.S.C. § 363(m))). "A good faith buyer 'is one who buys in good faith and for value.'" *Id.* at 577 (quoting *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992)). Here, the bankruptcy court's good-faith finding was supported by evidence submitted by the trustee and Elysium averring to the arms-length nature of the negotiations, disclaiming any collusive attempts to shut out competing bids, and explaining the reasonableness of the purchase price. Furthermore, the bankruptcy court reasonably rejected Palladino's allegations of collusion and bad faith as not credible. Finally, Elysium purchased for value because it bought the Angus stock subject to overbids at an auction, pursuant to the court-approved bidding procedures. *See Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1174 n.1 (9th Cir. 1988) ("An auction is sufficient to establish that the purchaser has paid value so long as the purchaser bought the debtor's property in good faith." (emphasis omitted)).

Moreover, the bankruptcy court did not abuse its discretion when it waived the automatic stay imposed by Federal Rule of Bankruptcy Procedure 6004(h). Rule 6004(h) and the Advisory Committee Notes provide that the bankruptcy court has discretion to decide whether the automatic stay imposed by the Rule applies.

In this case, the bankruptcy court waived the automatic stay because time was of the essence; a scheduled regulatory hearing threatened to cut off Angus's waterflood operations, which would drive down the value of Angus stock. Moreover, the bankruptcy court expressly stated in its order dated February 17, 2012, that Rule 6004(h) was waived, and that the sale would close no later than March 4, 2012. Yet Palladino waited until March 1, 2012, to file a motion for a stay pending appeal with the district court.

Finally, although we disagree with Palladino's view of this case, we do not find that that the arguments he raises in this appeal are completely frivolous. *Cf. Wilcox v. Comm'r*, 848 F.2d 1007, 1009 (9th Cir. 1988) (imposing sanctions for bringing a frivolous appeal where the court had previously held that all of the appellant's arguments were frivolous or without merit). Nor do we find that any legal and factual errors made by Palladino and his counsel rise to the level of sanctionable conduct. Most of the alleged mischaracterizations of facts and law are either more appropriately labeled as aggressive advocacy, or are immaterial to the merits of the case, while still others were corrected by Palladino in his opposition to the motion for sanctions. *Cf. Frunz v. City of Tacoma*, 476 F.3d 661, 665 (9th Cir. 2007) (imposing sanctions because defendants did not correct previous misstatements that went to the heart of the case and pervaded their entire

4

argument).  We therefore give Palladino the benefit of the doubt and deny Elysium's motion for sanctions.

**AFFIRMED.**