**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: KEYSTONE MINE MANAGEMENT, II,<br><br>Debtor,<br>_____<br><br>KEYSTONE MINE COMPANY, LTD.; et al.,<br><br>    Appellants,<br><br>  v.<br><br>RANDELL PARKER; et al.,<br><br>    Appellees. | No.    17-60013<br><br>BAP No. 15-1202<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Martin, Bankruptcy Judges, Presiding

Submitted June 15, 2018[**]
San Francisco, California

Before: MURPHY,[***] PAEZ, and IKUTA, Circuit Judges.

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Michael R. Murphy, United States Circuit Judge for the

Appellants challenge a memorandum decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") dismissing as statutorily moot their appeals from two orders entered by the United States Bankruptcy Court for the Eastern District of California and affirming a third order. This court reviews BAP decisions de novo, applying the same standard of review the BAP applied to the bankruptcy court's ruling. *Anastas v. Am. Sav. Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996). The bankruptcy court's findings of fact are reviewed for clear error. *Id.* Our jurisdiction arises under 28 U.S.C. § 158(d)(1).[1]

The two appeals dismissed as moot by the BAP involved an order of the bankruptcy court approving the sale of certain mining claims and mining-related assets owned by the bankruptcy estate (the "Sale Order") and an order approving bidding procedures (the "Bidding Order"). The mining claims and other assets were sold to Bush Management Company ("Bush"), the bankruptcy estate's largest secured creditor and the only bidder.

---

U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

[1]Appellees suggest the instant appeal is constitutionally moot because the bankruptcy case is now closed. We disagree with Appellees' suggestion of mootness and conclude it is not appropriate to dismiss the appeal under the constitutional mootness doctrine.

Appellants seek to unwind the sale of the estate's assets to Bush, challenging both the sale and the bidding procedures—particularly the decision to permit Bush to credit bid. As the BAP correctly determined, the bankruptcy court's finding that Bush was a good-faith purchaser moots Appellants' appeal from the entry of the Sale Order and the Bidding Order because the sale of the bankruptcy estate's assets was not stayed pending appeal. 11 U.S.C. § 363(m).

Appellants mount multiple indirect challenges to the bankruptcy court's good-faith finding. They assert there was collusion between the Trustee and Bush because the Trustee failed to adequately challenge the validity of Bush's loan and lien rights under Washington law and failed to determine whether the value of Bush's secured claims should be reduced because of an alleged usurious interest rate. The record does not support Appellants' assertions. To the contrary, the bankruptcy court's finding is amply supported by the record. The Trustee made unchallenged representations to the court that he "thoroughly analyzed" all potential challenges to the validity of Bush's secured claim, including those identified by Appellants, but determined they were not viable. The Trustee explained any changes in his position by informing the bankruptcy court he had

reexamined his prior stance after he received and examined Bush's amended proof of claim and its accompanying documentation.

Appellants also allege Bush is not a good-faith purchaser because its major stakeholder, John Hagestad, has a limited partnership interest in one of the Keystone entities. They do not clearly articulate how Hagestad's interest undermines the bankruptcy court's good-faith finding as to Bush, although they complain that Hagestad set the bankruptcy proceeding in motion by bringing a claim against the debtor in state court. Presumably, Appellees' theory is this was done as part of an elaborate scheme to obtain the interests of the debtor's largest secured creditor[2] and then wrest the mining claims from the Keystone entities. There is no record support for Appellants' breach of fiduciary duty theory.

No argument presented by Appellants is persuasive. The bankruptcy court's finding that Bush is a good-faith purchaser under § 363(m) is supported by the record and is not clearly erroneous. Accordingly, Appellants have no remedy on appeal and their challenges to the Sale Order and the Bidding Order are moot. *See Onouli–Kona Land Co. v. Estate of Richards (In re Onouli–Kona Land Co.)*, 846 F.2d 1170, 1173 (9th Cir.

---

[2]Bush acquired the secured claims after the bankruptcy petition was filed.

1988) (holding § 363(m) statutorily limits appellate remedies if the buyer acted in good faith).

In a final attempt to avoid application of 11 U.S.C. § 363(m), Appellants cite this court's opinion in *Sun Valley Ranches, Inc. v. The Equitable Life Assurance Society (In re Sun Valley Ranches, Inc.*), 823 F.2d 1373 (9th Cir. 1987), for the proposition that Appellees have failed to meet their "heavy burden" of establishing no effective remedy is available. Unlike the matter before this court, *Sun Valley Ranches* involved a foreclosure sale of real property acquired subject to statutory rights of redemption. *Id*. at 1374. Appellants have not shown the debtor has a right of redemption and they do not challenge the BAP's conclusion that no Ninth Circuit, California, or Washington case indicates "a debtor has a right of redemption following a trustee-initiated bankruptcy sale." Neither do they provide any argument as to why the exception set out in *Sun Valley Ranches* should be extended beyond foreclosure sales. *See In re Onouli–Kona Land Co.*, 846 F.2d at 1174–75 ("The exception we articulated in *In re Sun Valley* for real property sold to a party-creditor is only appropriate when a foreclosure sale is subject to statutory rights of redemption."). For these reasons, Appellants' argument is unconvincing.

17-60013

As they did before the BAP, Appellants also challenge the bankruptcy court's order approving the compromise between Bush and the bankruptcy estate (the "Compromise Order"). The BAP concluded Appellants' argument was inadequately presented and, therefore, waived. The entirety of Appellants' opening argument focuses only on the BAP's waiver ruling and fails to address the substance of Appellants' challenge to the Compromise Order. Accordingly, we do not address the issue. *Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (noting this court does not consider matters unless they are "specifically and distinctly argued in appellant's opening brief," including those that are "argued in passing" or are "bare assertions with no supporting argument" (quotations and alterations omitted)).

**Affirmed**

17-60013