**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: ADAMSON COMPANY INC.,
a/k/a Old Dominion Fabricators,
<u>Debtor.</u>

DEVELOPMENT COMPANY OF AMERICA,

No. 95-2965

<u>Creditor-Appellant,</u>

v.

ADAMSON COMPANY INC., a/k/a Old
Dominion Fabricators,
<u>Debtor-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-95-507, BK-94-30676-S)

Argued: June 5, 1996

Decided: October 29, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Dismissed by published opinion. Judge Widener wrote the opinion, in
which Judge Murnaghan and Senior Judge Hall concurred.

_____

**COUNSEL**

**ARGUED:** William Ray Baldwin, III, HIRSCHLER, FLEISCHER,
WEINBERG, COX & ALLEN, Richmond, Virginia, for Appellant.

Bruce H. Matson, LECLAIR, RYAN, P.C., Richmond, Virginia, for Appellee. **ON BRIEF:** Michael Paul Falzone, HIRSCHLER, FLEIS-CHER, WEINBERG, COX & ALLEN, Richmond, Virginia, for Appellant.

_____

## OPINION

WIDENER, Circuit Judge:

Development Company of America (Development Company), a creditor in the chapter 11 bankruptcy case of Adamson Company, Inc. (Adamson), appeals the district court's order affirming the bankruptcy court's decision to allow Adamson to assume and assign a lease between Adamson and Development Company on a manufacturing plant in Chester, Virginia. Adamson contends the appeal should be dismissed because Development Company failed to seek a stay of the bankruptcy court's order before the transaction, which included the lease assignment, was completed. We agree and dismiss the appeal.

Adamson, a fabricator of steel tanks, maintained a manufacturing plant in Chester, Virginia leased from Development Company (the Chester lease). On February 23, 1994, Adamson filed a chapter 11 bankruptcy petition and from that time operated its business as debtor-in-possession. Unable to reorganize, Adamson found a buyer to take over the lease and purchase substantially all of its assets, including its name, inventory, machinery, equipment, contract rights, and a parcel of real estate, for $1,925,000 cash. The buyer, McConnell Acquisition (McConnell), is owned by a single shareholder, Ward McConnell, who also owns several manufacturing companies that produce a variety of products including steel tanks similar to those made by Adamson. McConnell's purchase agreement was contingent on Adamson obtaining the required approval of the bankruptcy court, so on March 7, 1995, Adamson moved for permission to sell substantially all of its assets and to assign the Chester lease to McConnell. Development Company opposed the motion, arguing that it had terminated the lease or that Adamson had not properly exercised a right to renew.

2

Following two hearings, the bankruptcy court entered its memorandum opinion and order which approved the sale and authorized Adamson to assign the lease to McConnell.

On May 8, 1995, Adamson and McConnell closed the sale and transferred Adamson's assets, including the Chester lease, to McConnell. McConnell took possession of the plant and assets and continued to operate the business. Development Company did not obtain a stay, under Bankruptcy Rule 8005, of the bankruptcy court's order approving the sale and the assumption and assignment of the lease. Instead, Development Company appealed the bankruptcy court's order to the district court. The district court affirmed.

Adamson contends that because Development Company did not seek a stay of the bankruptcy court's order authorizing the asset sale and assumption and assignment of the lease, 11 U.S.C. § 363(m) applies to moot Development Company's appeal. We agree.

11 U.S.C. § 363(m) provides:

> The reversal or modification on appeal of an authorization under sub-section (b) or (c) of this section of sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Although there is no question with respect to good faith, Development Company now asks us to hold either that Adamson's tenancy under the lease was terminated or expired, as it previously argued, or that the bankruptcy court erred in allowing the assignment to McConnell. In the absence of a stay, however, Adamson Company has essentially been liquidated through the sale of its assets. Many of the assets Adamson sold, such as inventory and accounts receivable, have obviously already been irrecoverably altered by McConnell's continued operation of the business. Furthermore, invalidating the lease assignment to McConnell would adversely affect individuals who are not parties to this case, such as Adamson's former employees, bankruptcy

3

creditors, and McConnell's current debtors and creditors. This reasoning, while supportive of § 363(m), is not necessary for our decision.

Development Company argues that it was not required to seek a stay because 11 U.S.C. § 365 contains certain provisions with respect to unexpired leases and that section contains no provision relating to stays pending appeal. This argument, however, ignores both the plain language and the purpose of section 363(m). By its terms, section 363(m) applies to "a sale or lease of property." 11 U.S.C. § 363(m). It is elementary that a leasehold is personal property and possibly of value to the debtor's estate, thus the assignment of a lease for a valuable consideration is a sale of property to which§ 363(m) applies. In re: Stadium Management, 895 F.2d 845, 848 (1st Cir. 1990), and In re: Exennium, 715 F.2d 1401, 1403 (9th Cir. 1983), are cases directly on point, and we held, persuasive here, in Willemain v. Kivitz, 764 F.2d 1019, 1023 (4th Cir. 1985), that 11 U.S.C.§ 363(m) applied to a 20% limited partnership interest which was an unregistered and restricted security.

Stadium Management, Exxenium, and Willemain also teach that such appeals as this should be dismissed as moot.

Accordingly, the appeal in this case is

DISMISSED.

4