*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0038p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

WEINGARTEN NOSTAT, INC.,

*Appellant,*

*v.*

Nos. 03-5345/5709

SERVICE MERCHANDISE COMPANY, INC.,

*Appellee.*

---

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 03-00134—Todd J. Campbell, District Judge.

Argued: November 3, 2004

Decided and Filed: January 24, 2005

Before: RYAN, COLE, and ROGERS, Circuit Judges.

---

## COUNSEL

**ARGUED:** Henry J. Kaim, BRACEWELL & PATTERSON, Houston, Texas, for Appellant. Patrick J. Nash, Jr., SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, Chicago, Illinois, for Appellee. **ON BRIEF:** Henry J. Kaim, BRACEWELL & PATTERSON, Houston, Texas, Robin E. Harvey, BAKER & HOSTETLER, Cincinnati, Ohio, for Appellant. Patrick J. Nash, Jr., Frances P. Kao, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, Chicago, Illinois, Paul G. Jennings, BASS, BERRY & SIMS, Nashville, Tennessee, for Appellee.

---

## OPINION

---

ROGERS, Circuit Judge. Weingarten Nostat, Inc., a shopping center landlord, appeals a bankruptcy court order, affirmed by the district court, allowing the assumption and assignment of a shopping center lease by Service Merchandise Company, Inc., a chapter 11 debtor in possession, to JLPK, LLC. Weingarten opposes the assignment of the lease because JLPK's assurance of future payment of rent was allegedly inadequate and because JLPK subleased the space to a store that competes directly with an existing tenant in the mall. Weingarten also appeals the district court's decision to deny a stay pending appeal of the bankruptcy court order allowing the assumption and assignment of the lease to proceed. The two appeals were consolidated for briefing and argument. Also pending before the court is Service Merchandise's motion to dismiss the appeals as moot under

1

11 U.S.C. § 363(m), which requires the dismissal as moot of an appeal of a bankruptcy court order approving the sale of property of an estate under § 363, if the order has not been stayed pending appeal.

We grant Service Merchandise's motion to dismiss the appeal as moot under § 363(m), because the sale and assignment transaction at issue, while complex, meets the requirements of a sale under 11 U.S.C. § 363. Therefore, § 363(m) applies and Weingarten's failure to obtain a stay requires the dismissal of its appeals as moot.

I.

Weingarten owns the Argyle Village Square Shopping Center in Jacksonville, Florida, a 300,000 square foot retail shopping center. Weingarten's predecessor in interest entered into a long-term lease with Service Merchandise on December 20, 1983, for 50,000 square feet of retail space (the "Argyle Village lease"). The Argyle Village lease was set to expire in 2010, with a series of five-year options that could extend the lease through the year 2040. The lease contained only loose restrictions on assignment, sublease and use. In 1998, Weingarten entered into a long-term lease with FCA of Ohio, Inc. for a Jo-Ann's, Etc. store (Jo-Ann's) located near the Service Merchandise store. The lease to Jo-Ann's contained a provision that gave the Jo-Ann's the option of reducing rent by one third or terminating the lease if another store selling arts and crafts supplies, fabrics, items related to sewing, or artificial flowers moved into the shopping center.

Service Merchandise filed a voluntary chapter eleven bankruptcy petition on March 27, 1999. After operating under bankruptcy protection for several years, Service Merchandise determined in January of 2002 that liquidation was preferable to reorganization. Pursuant to the process of liquidation, on March 16, 2002, the bankruptcy court approved the sale of Service Merchandise's "designation rights" to most of its real property and retail leases pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004(a). The sale was to KLA/SM LLC (KLA) for $116.4 million. KLA later designated JLPK as the assignee of Service Merchandise's lease in the Argyle Village shopping center.[1] Service Merchandise then notified Weingarten of the proposed assumption of the lease by Service Merchandise, assignment to JLPK, and simultaneous subleases by JLPK to Bed Bath & Beyond, Inc. and Michaels Stores, Inc. (Michaels). Michaels sells many of the same types of arts and crafts supplies as Jo-Ann's, and allegedly caters to the same customers.

Weingarten objected to the proposed assignment and sublease, claiming the sublease to Michaels failed to meet the requirements of 11 U.S.C. § 365(b)(3), which requires the assignee of a shopping center lease to provide the landlord specific assurances of future performance under the lease. Weingarten argued that Service Merchandise failed to provide adequate assurance of future performance because: (1) the proposed assignee was not similar to Service Merchandise at the time the lease was originally consummated in terms of operating history and financial performance, *see* 11 U.S.C. § 365(b)(3)(A); (2) the proposed assignment and sublease breached Weingarten's lease with Jo-Ann's, *see* 11 U.S.C. § 365(b)(3)(C);[2] and (3) the proposed assignment and sublease would disrupt the tenant mix or balance of the Argyle Village shopping center, *see* 11 U.S.C. § 365(b)(3)(D).

---

[1]KLA and JLPK are entities that were formed specifically for facilitating the transactions related to the designation rights agreement. KLA is an entity formed by Kimco Realty Corporation to designate the assignees for Service Merchandise's retail leases. JLPK is an entity formed by affiliates of Schottenstein Stores Corporation and Kimco for the purpose of subleasing the Argyle Village lease.

[2]At this point, Jo-Ann's had given notice to Weingarten that it considered the opening of the Michaels store to be a breach of Jo-Ann's lease and that it intended to pay reduced rent because Michaels and Jo-Ann's were competitors.

The assignment and sublease transaction was initially rejected by the bankruptcy court because JLPK failed to provide Weingarten adequate protection under § 365(b)(3), because the financial performance and operating history of the assignee, JLPK, was not similar to that of Service Merchandise when the lease was originally executed. Rather, JLPK was a newly formed shell entity with no assets aside from the subleases to Bed Bath & Beyond and Michaels. On January 27, 2003, after JLPK's affiliates offered Weingarten a limited guarantee of one year's base rent, the bankruptcy court issued a memorandum opinion rejecting Weingarten's arguments that the JLPK assignment and sublease failed to comply with 11 U.S.C. §§ 365(b)(3)(A), (C) & (D). In a February 18, 2003, order implementing the memorandum, the bankruptcy court approved the sale and assignment of the lease to JLPK pursuant to 11 U.S.C. §§ 363 and 365(a).

Weingarten vigorously sought to stay the order pending appeal, but all such efforts were denied in turn by the district court and this court. In denying the motion for a stay pending appeal, the district court accepted the reasoning of the bankruptcy court in approving the assignment and sublease, finding that Weingarten had failed to show a likelihood of success on the merits. The district court acknowledged the possibility that Weingarten would incur irreparable harm should the stay be denied because of § 363's mootness provision, but denied the motion for a stay nonetheless. Weingarten then moved in this court for an emergency stay of the bankruptcy court order pending appeal or in the alternative for a writ of mandamus. The motion was denied on March 21, 2003, on similar grounds.

On March 14, 2003, two days after the district court denied Weingarten's motion for a stay pending appeal, Service Merchandise assumed and assigned the lease to JLPK. JLPK paid KLA $300,000 for designating JLPK as the assignee of the Argyle Village lease. JLPK then executed the sublease with Michaels on March 21, 2003. Michaels took possession, invested in configuring the space as a Michaels store, and celebrated their grand opening in the Argyle Village shopping center. On May 8, 2003, the district court denied Weingarten's motion for reconsideration of the decision to deny the stay pending appeal and affirmed the bankruptcy court order approving the assignment and sublease. Weingarten then appealed the district court's order affirming the bankruptcy court's approval of the assumption and assignment of the Argyle Village lease. While Weingarten's appeals were pending, Service Merchandise moved to dismiss the appeals as moot under 11 U.S.C. § 363(m).

## II.

We grant Service Merchandise's motion to dismiss the appeal as moot under § 363(m) because the transactions involving the Argyle Village lease, while complicated, are governed by § 363, and Weingarten's failure to obtain a stay requires dismissal.[3] Section 363(m) encourages

---

[3]There is a split in the circuits as to whether § 363(m) creates a per se rule mooting appeals absent a stay of the § 363 sale at issue. The Third Circuit has held that even if § 363(m) is applicable, the failure to obtain a stay pending appeal does not dispose of the case so long as a remedy can be fashioned that does not disturb the validity of the § 363 sale at issue. *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499-500 (3d Cir. 1998). On the other hand, the majority of the courts of appeals follow a per se rule, automatically mooting appeals absent a stay of the sale or lease at issue. *See Pittsburgh Food & Beverage, Inc. v. Ranallo*, 112 F.3d 645, 650-51 (3d Cir.1997) (citing decisions of the 1st, 2d, 5th, 7th, 11th and D.C. Circuits adopting such a per se rule). The Ninth Circuit generally follows a per se rule, with one narrow exception inapplicable here. *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172-73 (9th Cir. 1988). Our circuit has not directly addressed the issue, but it has held that § 363(m) is not limited to conveyances by trustees and that under § 363(m) a stay pending appeal is required even where the purchaser is a party to the appeal. *See 255 Park Plaza Assocs. Ltd. v. Conn. Gen. Life Ins. Co. (In re 255 Park Plaza Assocs.)*, 100 F.3d 1214, 1217 (6th Cir. 1996). It is unnecessary at this time to decide whether to follow the majority of circuits and adopt a per se rule, as even under the more lenient standard of the Third Circuit, the relief sought by Weingarten would have disturbed the validity of the § 363 sale and assignment at issue in this case.

parties to deal with a debtor and promotes the finality of a sale under 11 U.S.C. § 363(b).  It provides:

> The reversal or modification on appeal of an authorization . . . of a sale or lease of property [under § 363(b)] does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (2000).  This language is referred to by the courts of appeals as a "statutory" or "bankruptcy" mootness provision.  *See LRSC Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers)*, 209 F.3d 291, 298 (3d Cir. 2000); *In re 255 Park Plaza Assocs.*, 100 F.3d at 1217. "Bankruptcy" mootness is predicated on the particular need to encourage participation in bankruptcy asset sales and increase the value of the property of the estate by protecting good faith purchasers from modification by an appeals court of the bargain struck with the debtor.  *See Anheuser-Busch, Inc. v. Miller (In re Stadium Mgmt. Corp.)*, 895 F.2d 845, 847 (1st Cir. 1990).  "[Section 363(m) reflects] the salutary policy of affording finality to judgments approving sales in bankruptcy by protecting good faith purchasers, the innocent third parties who rely on the finality of bankruptcy judgments in making their offers and bids. . . . The finality and reliability of the judicial sales enhance the value of the assets sold in bankruptcy." *Id.* (quoting *Tri-Cran, Inc. v. Fallon (In re Tri-Cran, Inc.)*, 98 B.R. 609, 617 (Bankr. D. Mass.1989)).

While the primary goal of § 363(m) is to protect good faith purchasers, it also reflects the more general constitutional consideration that an appeal must be dismissed as moot when, by virtue of intervening events, the court of appeals cannot fashion effective relief.  *See generally Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also In re 255 Park Plaza Assocs.*, 100 F.3d at 1216; *In re Stadium Mgmt.*, 895 F.2d at 848.  Though reflective of the general prohibition against advisory opinions undergirding the constitutional mootness doctrine, bankruptcy mootness under § 363(m) is broader. Even if the appeal is not moot as a constitutional matter because a court could provide a remedy, the policy favoring finality in bankruptcy sales reflected in § 363(m) requires that certain appeals nonetheless be treated as moot absent a stay.

The absence of a stay requires dismissal in this case under §363(m), notwithstanding the fact that §363(m) applies only to a sale or lease of property under § 363, and does not explicitly extend to assignments under 11 U.S.C. § 365, which governs executory contracts and leases in bankruptcy. This conclusion requires an examination of the interaction between § 363 and § 365.

The use, sale, or lease of the property of the estate by the trustee is governed by § 363.[4] Section 363(b) allows the trustee, after notice and a hearing, to use, sell, or lease property of the estate outside the ordinary course of business.  11 U.S.C. § 363(b) (2000).  "Property of the estate" is defined broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2000).  The legislative history makes clear that this section is broad, and specifically notes that it includes leasehold interests of the debtor. H.R. REP. NO. 95-595, at 367 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323; S. REP. NO. 95-989, at 82 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868.

Section 365 on the other hand governs executory contracts and unexpired leases, which are distinct in that they impose a continuing obligation on the debtor, for instance the payment of rent, but which are also an asset considered to be property of the estate.  *See In re Rickel Home Centers*, 209 F.3d at 302-303. Section 365(a) gives the trustee broad power, subject to court approval, to

---

[4]Service Merchandise, as a debtor in possession, generally has the authority to exercise the same powers as a trustee.  11 U.S.C. §§ 1107(a) & 1108 (2000).

"assume or reject any . . . unexpired lease of the debtor" in order to maximize the value of the debtors' estate by assuming leases beneficial to the debtor and rejecting leases that are not. 11 U.S.C. § 365(a) (2000); *In re Rickel Home Centers*, 209 F.3d at 298.  Section 365(f) additionally gives the trustee broad powers to assign unexpired leases, "notwithstanding a provision in an . . . unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions" assignment, provided the assignee gives "adequate assurance of future performance."  11 U.S.C. §§ 365(f)(1) & (f)(2)(B) (2000).  The bankruptcy code generally favors the free assignability of the debtor's unexpired leases, again, in order to maximize the value of the debtor's estate.  *In re Rickel Home Centers*, 209 F.3d at 299.

"It is elementary that a leasehold is personal property and possibly of value to the debtor's estate, thus the assignment of a lease for a valuable consideration is a sale of property to which § 363(m) applies."  *Dev. Co. of America, Inc. v. Adamson Co., Inc. (In re Adamson Co., Inc.)*, 159 F.3d 896, 898 (4th Cir. 1998).  Service Merchandise sold the right to designate an assignee for its unexpired leases to KLA for $116.4 million.  While KLA designated the assignee of the leases, that designation was in furtherance of the sale transaction that benefitted the estate.  A number of cases in the courts of appeals hold that § 363(m) applies to the sale and assignment of a lease pursuant to §§ 363 and 365.  *See, e.g.*, *In re Rickel Home Centers*, 209 F.3d at 291, 306 (office supply company purchased shopping center leases held by bankrupt home improvement store); *In re Adamson Co.*, 159 F.3d at 898 (purchaser bought assets of debtor including inventory, machinery and lease of manufacturing facility); *In re Stadium Mgmt. Corp.*, 895 F.2d at 847 (purchaser bought substantially all assets of debtor, including sublease of stadium to professional sports franchise); *cf. Cinicola v. Scharffenberger*, 248 F.3d 110, 116-117 (3d Cir. 2001) (purchaser bought substantially all assets from debtor, including executory employment contracts).  These decisions reason that since a lease is property of the estate, and the assignment of a lease for consideration is a sale under § 363, the mootness provisions of § 363(m) are necessarily triggered.

The transaction at issue in this case is somewhat different from several of these cases because Service Merchandise did not sell the assignment of the Argyle Village lease directly to JLPK. Rather, JLPK paid KLA $300,000 for designating JLPK as the assignee of the Argyle Village lease, and, pursuant to the designation-of-rights agreement, Service Merchandise complied.  However, Service Merchandise's assignment of the lease to JLPK pursuant to the designation-of-rights agreement with KLA constitutes a single transaction if we consider the overall result of the transaction.  If the details of the transaction are discounted, it is clear that Service Merchandise sold the Argyle Village lease to Michaels pursuant to §§ 363(b) and 365.  The relevant case law demonstrates that a stay pending appeal is required when the sale and assignment are part of a single transaction, and there is no reason that this protection should be lost merely because the transaction has been separated into two steps.

Further, the facts of this case are indistinguishable from those of the well-reasoned opinion of the Third Circuit in *In re Rickel Home Centers*, which dismissed as moot the appeal of a shopping center landlord from an order approving the assumption and assignment of a retail lease under § 363(m).  209 F.3d at 295.  The form of the transaction in *In re Rickel Home Centers* was substantially similar to the form of the transaction at issue in this case.  The Third Circuit held that § 363(m) was applicable and dismissed as moot the appeal of the order approving the assignment to a Staples affiliate.  *Id.* at 303.  In reaching this conclusion, the Third Circuit noted that the cases applying § 363(m) to the sale and assignment of leases reflect the particular policy of § 363(m) to afford finality to the orders and judgments of the bankruptcy court relied on by third parties in ordering their affairs.  *See Id.* at 303-04.

Weingarten attempts to avoid a determination of mootness by arguing that dismissing an appeal from an order approving the sale and assignment of the lease, without first testing the validity of the assignment, puts "the cart before the horse."  In support of its position, Weingarten cites *In re*

*Saybrook Manufacturing Company*, which held that a mootness provision found in § 364 of the bankruptcy code, which relates to extensions of credit and priority of liens in bankruptcy, did not bar an appeal testing the validity of a bankruptcy court order approving financing that involved "cross collateralization." *Shapiro v. Saybrook Mfg. Co. (In re Saybrook Mfg. Co.)*, 963 F.2d 1490, 1493-94 (11th Cir. 1992). While *Saybrook* involves a mootness provision similar to § 363(m), the case is distinguishable and does not provide support for Weingarten's petition. In *Saybrook*, the Eleventh Circuit considered whether cross collateralization, which involves a lender conditioning post-petition financing on securing priority for pre-petition debt, was authorized at all by the bankruptcy code. *Id.* Here, Weingarten does not challenge the authority of Service Merchandise under the bankruptcy code to assign the lease in question, only the adequacy of the protection Weingarten received. To accept Weingarten's argument would rob § 363(m) mootness of its force, since an appeal of a bankruptcy court order will typically question whether a given transaction is authorized by the bankruptcy code. For good or ill, the merits of Weingarten's appeal were effectively resolved when the motions for stay were denied, by virtue of the bankruptcy code's statutory mootness provision. Thus, Weingarten's position must be rejected.

For the foregoing reasons, we GRANT Service Merchandise's motion to dismiss the appeals as moot.