# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2860

_____

In re: Polaroid Corporation, et al.,     *
                                           *

----------------------------------------     *
                                           *

Asset Based Resource Group, LLC,     *
as successor servicer to Acorn Capital     *
Group, LLC,     *
                                           *

         Appellant,     *
                                           *

     v.     *
                                           *

United States Trustee; Official     *
Committee of Unsecured Creditors,     *
                                           *   Appeal from the United States
         Appellees,     *   District Court for the
                                           *   District of Minnesota.

     v.     *
                                           *   [PUBLISHED]

Polaroid Corporation; Polaroid Holding  *
Company; Polaroid Consumer     *
Electronics, LLC; Polaroid Capital,     *
LLC; Polaroid Latin America I     *
Corporation; Polaroid Asia Pacific     *
LLC; Polaroid International Holding     *
LLC; Polaroid New Bedford Real     *
Estate, LLC; Polaroid Norwood Real     *
Estate, LLC; Polaroid Waltham Real     *
Estate, LLC,     *
                                           *

         Appellees.     *

_____

Submitted: May 11, 2010
Filed: July 9, 2010
_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

After an auction, debtor Polaroid Corporation agreed to sell its assets to PLR Acquisition, LLC, for $87 million. The bankruptcy court approved the sale, free and clear of any liens – including Acorn Capital Group's liens of $300 million. *See* 11 U.S.C. § 363(f). The bankruptcy court did, however, recognize that Acorn's claims attached to the net proceeds of the sale.

Acorn moved to stay the sale pending appeal. The bankruptcy court denied the motion. Acorn renewed its motion in the district court,[1] which was again denied. The sale closed, and the assets were transferred to PLR. Asset Based Resource Group, LLC, as successor to Acorn, appeals, attacking the sale.

This appeal is moot under 11 U.S.C. § 363(m):

> The reversal or modification on appeal of [a judicial] authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Acorn, relying on *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 35-36 (B.A.P. 9th Cir. 2008), asserts that § 363(m) is inapplicable. Acorn reasons that § 363(m) applies only to sales authorized "under subsection (b) or (c)," and thus not to sales free and clear of liens under § 363(f). This argument ignores the plain language of § 363(f): "The trustee may sell property *under subsection (b) or (c) of this section* free and clear of any interest in such property of an entity other than the estate, only if" certain conditions are met. (Emphasis added). It also ignores the plain language of the bankruptcy court's order: "Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to . . . consummate the Sale, pursuant to and in accordance with the terms and conditions of the Purchase Agreement . . . ." The sale of assets to PLR was authorized under § 363(b), making § 363(m) applicable. *See also Official Comm. of Unsecured Creditors v. Anderson Senior Living Prop., LLC (In re Nashville Senior Living, LLC)*, 407 B.R. 222, 231 (B.A.P. 6th Cir. 2009) (noting that other courts have "applied § 363(m) to a free and clear sale under § 363(f)," and concluding that "*Clear Channel* appears to be an aberration in well-settled bankruptcy jurisprudence applying § 363(m) to the 'free and clear' aspect of a sale under § 363(f).").

"In bankruptcy appeals, the 'finality rule' within 11 U.S.C. § 363 (1994) prevents the overturning of a completed sale to a good-faith purchaser in the absence of a stay." *Nieters v. Sevcik (In re Rodriquez)*, 258 F.3d 757, 759 (8th Cir. 2001). *See also Official Comm. of Unsecured Creditors v. Trism, Inc. (In re Trism, Inc.)*, 328 F.3d 1003, 1006 (8th Cir. 2003) ("Section 363(m) prevents a modification or reversal of a bankruptcy court's order authorizing the sale of the debtor's assets from affecting the validity of the sale."); *Wintz v. American Freightways, Inc. (In re Wintz Cos.)*, 219 F.3d 807, 811 (8th Cir. 2000) ("Claims against the property once sold may be maintained only against the proceeds of the sale.").

Section 363(m) moots any challenge to an order approving the sale of assets to a good faith purchaser[2] where (1) no party obtained a stay of the sale pending appeal, and (2) reversing or modifying the authorization to sell would affect the validity of the sale or lease. *In re Trism, Inc.*, 328 F.3d at 1006; *citing Cinicola v. Scharffenberger*, 248 F.3d 110, 122 (3d Cir. 2001). Here, no party obtained a stay of the sale pending appeal.

Acorn argues that it does not seek reversal or modification of the sale order. Acorn claims to challenge only the "free and clear" provision, urging this court to "order that Acorn's liens have been preserved in the subject assets." As the district court recognized, this would, in effect, unwind the sale. A challenge to a "provision of an order authorizing the sale of the debtor's assets affects the validity of the sale when the . . . provision is integral to the sale of the estate's assets." *In re Trism*, 328 F.3d at 1007. "A provision is integral if the provision is so closely linked to the agreement governing the sale that modifying or reversing the provision would adversely alter the parties' bargained-for exchange." *Id. See also GAF Holdings, LLC v. Rinaldi (In re Farmland Indus.)*, 408 B.R. 497, 508-09 (B.A.P. 8th Cir. 2009) ("Although valid claims against sale proceeds may usually be maintained, [the plaintiff's] claim is not valid because it attacks integral and essential provisions of the

---

[2]The bankruptcy court did not clearly err in finding that PLR as:

> The Buyer is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. In the absence of a stay pending appeal, the Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale at any time after entry of this Order, notwithstanding the provisions of Bankruptcy Rule 6004(h).

*See Meeks v. Red River Entm't (In re Armstrong)*, 285 F.3d 1092, 1096 (8th Cir. 2002) ("A finding of good faith is primarily a factual determination, which [the appeals court] reviews for clear error.").

sale order, which would, if overturned, thwart the purposes of § 363(m) by calling the validity of the sale into question.") (internal quotations omitted). As the bankruptcy court found, PLR as:

> Buyer would not have entered into the Purchase Agreement and Buyer would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the sale of the Acquired Assets to Buyer were not, except for the Assumed Liabilities, free and clear of all Claims and Interests of any kind or nature whatsoever, or if Buyer would, or in the future could, be liable for any of the Claims and Interests.

> Because it is statutorily moot, the appeal is dismissed.

_____