MEMORANDUM **
The district court properly affirmed the bankruptcy court’s determination that Ba-rovich’s filing of a Notice of Judgment Lien in California was not a valid means to create a judicial lien against the California personal property of Aura Systems, Inc., a Delaware corporation. See Cal.Code Civ. Proc. §§ 697.510, 697.530; Cal. Com.Code §§ 9301(1), 9307(e); 6 Del. C. §§ 9-301, 9-501(a). The bankruptcy court correctly stated:
In California, the filing of a notice of judgment lien with the California Secretary of State is no longer a valid means to create a judicial lien against the California collateral of a non-California corporation. After the 2001 revisions to the California Commercial Code, the location of the debtor, not the property, controls where a security interest can be perfected. Thus, a corporate judgment debtor must be incorporated in California to permit the creation of a judicial lien through the filing of a notice of judgment lien with the California Secretary of State. Because Aura is incorporated under the laws of Delaware, the claimants did not obtain a judgment lien on its California collateral through the filing of a notice of judgment lien with the California Secretary of State. Therefore, claimants’ judgment against Aura only supports an unsecured claim in this case.
In re Aura Systems, Inc., 347 B.R. 720, 725 (Bankr.C.D.Cal.2006).
The district court properly affirmed the bankruptcy court’s determination that Barovich’s claim was not secured by real estate purportedly owned by Aura Realty, Inc. because the real estate had been sold to a good faith purchaser pursuant to a bankruptcy court order. Because the relief that Barovich seeks would unwind the sale, the mootness rule of 11 U.S.C. § 363(m) applies. See Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1172-73 (9th Cir.1988).
The bankruptcy court did not abuse its discretion in denying Barovich’s motions to compel further discovery because Barovich failed to demonstrate that additional discovery would have resulted in production of evidence which would have raised a triable issue, and thereby have precluded the grant of summary judgment. See Johnson v. Neilson (In re Slatkin), 525 F.3d 805, 810-11 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.