**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>GLOBAL ONE MEDIA, INC.,<br><div align="center">Debtor.</div> | BAP No. NV-24-1130-BFL |
| BRIAN D. SHAPIRO, Subchapter V<br>Trustee,<br><div align="center">Appellant,</div><br>v.<br>NEWTEK SMALL BUSINESS FINANCE,<br>LLC,<br><div align="center">Appellee.</div> | Bk. No. 24-10526-mkn<br><br>**OPINION** |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Mike K. Nakagawa, Bankruptcy Judge, Presiding

APPEARANCES:
Appellant Brian D. Shapiro, Subchapter V Trustee, pro se, on brief; David A. Stephens of Stephens Law Office on brief for appellee Newtek Small Business Finance, LLC.

Before: BRAND, FARIS, and LAFFERTY, Bankruptcy Judges.

BRAND, Bankruptcy Judge:

## INTRODUCTION

Appellant Brian D. Shapiro, the subchapter V[1] trustee ("Trustee") for

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of

debtor Global One Media, Inc. ("Debtor"), appeals an order overruling his objection to a partially secured claim filed by appellee Newtek Small Business Finance, LLC ("Newtek"). The bankruptcy court ruled that Newtek perfected its security interest in Debtor's personal property, which is located in Nevada and New Mexico, by filing UCC-1 financing statements in those two states. Trustee argued that Newtek had to file a UCC-1 in Delaware, Debtor's state of incorporation, to perfect its security interest. Trustee is correct. Because the bankruptcy court erred, we REVERSE and REMAND.

## FACTS

The facts are undisputed. Debtor is a Delaware corporation that was created in January 2022 to purchase two radio broadcast companies – one in Nevada, and the other in New Mexico. Between May and October 2022, Debtor obtained a series of four loans from Newtek totaling $2,747,000 for the purchase and operation of the radio broadcast companies. In addition to real property, the loans were to be secured by Debtor's personal property located in Nevada and New Mexico.[2]

In an attempt to perfect its security interest in Debtor's personal property, Newtek filed UCC-1s with the Secretary of State offices in Nevada and New Mexico.[3] Newtek did not file a UCC-1 with the Delaware Secretary

---

Bankruptcy Procedure, all "UCC" references are to the Uniform Commercial Code, all "Del. C." references are to the Delaware Code, all "NRS" references are to the Nevada Revised Statutes, and all "N.M. Stat. Ann." references are to the New Mexico Statutes Annotated.

[2] Trustee did not challenge Newtek's interest in Debtor's real property in New Mexico.

[3] The relevant collateral described in the UCC-1s included all inventory, equipment,

2

of State.

Debtor filed a bankruptcy petition under subchapter V of chapter 11 on February 2, 2024. Debtor listed Newtek as a secured creditor in both real and personal property. Newtek later filed a proof of claim for $2,876,427.04, asserting that $770,505 of the claimed amount was secured. Debtor did not object to Newtek's claim.

Trustee objected to Newtek's claim, disputing that any portion of it was secured by Debtor's personal property.[4] Trustee argued that since Debtor was organized in Delaware and, hence, "located" in Delaware, Newtek had to file a UCC-1 with the Delaware Secretary of State to perfect its security interest in Debtor's personal property, wherever located. Because Newtek filed UCC-1s in Nevada and New Mexico, argued Trustee, its security interest was not properly perfected. Trustee asked the court to allow Newtek's claim for $2,876,427.04, consisting of a secured claim for $340,000 – the value of Debtor's real property in New Mexico – and an unsecured claim for $2,536,427.04.

Newtek opposed Trustee's claim objection. It agreed that Delaware law governed perfection of its security interest in Debtor's personal property because Debtor was a Delaware corporation. However, Newtek argued that Delaware law provided that its security interest was perfected by filing a UCC-1 in the state where the personal property was located.

---

accounts (e.g., accounts receivable), deposit accounts (e.g., bank accounts), money, other rights to payments, and general intangibles.

[4] A subchapter V trustee may object to claims. *See* §§ 1183(b)(1) & 704(a)(5).

The bankruptcy court agreed with Newtek, ruling that Newtek had properly perfected its security interest in Debtor's personal property by filing UCC-1s in Nevada and New Mexico. The court overruled Trustee's objection and allowed Newtek's claim as filed. Trustee timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in ruling that Newtek properly perfected its security interest in Debtor's personal property by filing UCC-1s in Nevada and New Mexico?

## STANDARD OF REVIEW

"An order overruling a claim objection can raise legal issues (such as the proper construction of statutes and rules) which we review de novo[.]" *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 918 (9th Cir. BAP 2011). De novo review is independent, with no deference given to the bankruptcy court's conclusion. *Allen v. U.S. Bank, N.A. (In re Allen)*, 472 B.R. 559, 564 (9th Cir. BAP 2012) (citation omitted).

## DISCUSSION

### A.  Legal standards for claim litigation

A duly executed proof of claim is prima facie evidence of the validity and amount of the claim. Rule 3001(f). If a claimant asserts a secured claim, its proof of claim must include evidence of perfection. Rule 3001(d).

4

Under § 502(a), a claim is "deemed allowed" unless a party in interest objects. An objecting party must present evidence to overcome the proof of claim's presumption of validity or amount. *Margulies Law Firm, APLC v. Placide (In re Placide),* 459 B.R. 64, 72 (9th Cir. BAP 2011). If the objector produces sufficient evidence to rebut the Rule 3001(f) presumption, the burden of production shifts back to the claimant to prove the validity and amount of its claim by a preponderance of the evidence. *Id.* However, the claimant ultimately bears the burden of persuasion. *Id.*

**B.     The bankruptcy court erred in ruling that Newtek properly perfected its security interest in Debtor's personal property by filing UCC-1s in Nevada and New Mexico.**

Trustee argues that perfection in this case required the filing of a UCC-1 with the office of the Delaware Secretary of State and that the bankruptcy court erred in holding otherwise. We agree.

Article 9 of the UCC provides a comprehensive statutory scheme addressing security interests in personal property, the methods of perfecting those security interests, and the priorities in collateral among interested parties. Revised Article 9 of the UCC was adopted by all states in 2001. The revision worked a fundamental change by shifting the focus for filing purposes from "location of the goods" as the controlling factor to "location of the debtor." 8 Quinn's UCC Commentary & Law Digest § 9-307[A][3] [REV] (Rev. 2d ed.). In their official comment to UCC § 9-301, the editors gave two reasons behind their shift towards the "location of the debtor." First, they noted that focusing on the debtor's location would reduce the frequency of

cases in which governing law changes after a UCC-1 is properly filed. *See* UCC § 9-301 cmt. 4 ("Presumably, debtors change their own location less frequently than they change the location of their collateral."). Second, they noted the efficiency gained by eliminating difficult priority issues, removing the need to distinguish between "mobile" and "ordinary" goods, and reducing the number of filing offices when collateral is located in several jurisdictions. *Id.*

Debtor's location is undisputed. Debtor, a Delaware corporation, is "located" in Delaware. *See* 6 Del. C. § 9-307(e) ("A registered organization that is organized under the law of a State is located in that State."); 6 Del. C. § 9-102(71) (A "registered organization" includes corporations and limited liability companies).

Newtek agrees that Delaware law governs perfection of its security interest in Debtor's personal property because Debtor is located in Delaware. Precisely, 6 Del. C. § 9-301(1) – Law governing perfection and priority of security interests – states the general choice-of-law rule that debtor's location governs both perfection and priority:

> (1) Except as otherwise provided in this section, while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral.

This general rule applies to perfection by filing for both tangible and intangible collateral. *See* Official Comment 4 to UCC § 9-301 ("Paragraph (1) contains the general rule: the law governing perfection of security interests in

6

both tangible and intangible collateral, whether perfected by filing or automatically, is the law of the jurisdiction of the debtor's location, as determined under Section 9-307.").

Newtek argues, however, that the general rule in 6 Del. C. § 9-301(1) is limited by the introductory clause "[e]xcept as otherwise provided in this section," and that 6 Del. C. § 9-301(3) provides such an exception. Precisely, Newtek argues that 6 Del. C. § 9-301(3)(C) provides that perfection of a security interest against collateral located in a jurisdiction is governed by the law of that location's jurisdiction:

> (3) [W]hile negotiable tangible documents, goods, instruments, or tangible money is located in a jurisdiction, the local law of that jurisdiction governs:
> . . .
> (C) the effect of perfection or nonperfection and the priority of a nonpossessory security interest in the collateral.[5]

Thus, argues Newtek, for tangible documents, goods, instruments, or money located in Nevada or New Mexico, Delaware law provides that the laws of Nevada and New Mexico, rather than Delaware, govern the perfection and priority of a security interest in that collateral. Both Nevada and New Mexico require the filing of a UCC-1 with their respective offices of the Secretary of State to perfect an interest in such collateral. *See* NRS 104.9501; N.M. Stat. Ann. § 55-9-501. Consequently, Newtek argues that it properly perfected its security interest in Debtor's collateral – e.g., radio

---

[5] With minor differences not important here, Nevada and New Mexico law is the same as Delaware. *See* NRS 104.9301(1) & (3), N.M. Stat. Ann. § 55-9-301(1) & (3).

broadcast equipment, office furniture, computers, etc. – by filing UCC-1s in Nevada and New Mexico, where the collateral is located. That is what the bankruptcy court ruled.

Newtek and the bankruptcy court are incorrect. While 6 Del. C. § 9-301(3)(C) provides that the law of the jurisdiction where the collateral is located governs the "effect of" perfection or nonperfection and the "priority of" a nonpossessory security interest in collateral, that jurisdiction's law does not govern "perfection" itself. Compare the language in 6 Del. C. § 9-301(1): "the local law of that jurisdiction governs *perfection*, the effect of perfection or nonperfection and the priority . . .," with the language in 6 Del. § 9-301(3)(C): "the local law of that jurisdiction governs the *effect* of perfection or nonperfection and the *priority*. . . ." (Emphases added). Notably absent from 6 Del. § 9-301(3)(C) is any language that the local law governs "perfection."

Put simply, assuming 6 Del. C. § 9-301(3)(C) applies to Debtor's collateral, Delaware law governs "perfection" (meaning, what must be done to perfect a security interest in collateral) while Nevada or New Mexico law decides the "effect" of perfection or nonperfection (as the case may be) and any "priority" disputes between claimants over property located in those states. *See Lovett v. Basile (In re Diabetes Am., Inc.)*, 2012 WL 6694074, at *5 (Bankr. S.D. Tex. Dec. 21, 2012) (noting the difference in the language in the two UCC provisions); *see also* Official Comment 7 to UCC § 9-301 (explaining that "paragraph (3)(C) divorces questions of perfection from questions of 'the effect of perfection or nonperfection and the priority of a security interest.'

Under paragraph (3)(C), the rights of competing claimants to tangible collateral are resolved by reference to the law of the jurisdiction in which the collateral is located."). Official Comment 7 to UCC § 9-301 provides the rationale for the law of the state where the tangible collateral is located governing the effect of perfection and priority but not perfection itself. A lien creditor will levy on tangible collateral where it is located. If the debtor is located in another state, "a choice of law rule on the effect of perfection or priority which looks to the debtor's jurisdiction would lead to the awkward result of permitting legislators in the debtor's state to determine the rights of lien creditors in the state where the property is located." Terry M. Anderson et al., *Attachment and Perfection of Security Interests Under Revised Article 9: A "Nuts and Bolts" Primer*, 9 AM. BANKR. INST. L. REV. 179, 195-96 (2001).[6]

---

[6] While the general "debtor location" rule applies to most collateral, there are some exceptions which have separate rules for determining the governing law, and the law is similar in all states. It does not apply to: security interests perfected by possession (UCC § 9-301(2)); security interests perfected by a fixture filing (UCC § 9-301(3)(A)); security interests in timber to be cut (UCC § 9-301(3)(B)); security interests in as-extracted collateral (UCC § 9-301(4)); goods covered by a certificate of title (UCC § 9-303); deposit accounts (UCC § 9-304); investment property (UCC § 9-305); and letter-of-credit rights (UCC § 9-306). *See* Official Comment 5 to UCC § 9-301.

The only collateral of this type relevant here is "deposit accounts," which includes "a demand, time, savings, passbook, or similar account maintained with a bank." UCC § 9-102(29). The law governing perfection of security interests in deposit accounts is the law of the bank's jurisdiction, which is determined by agreement between the bank and the account holder and, if there is no such agreement, the location of the bank. *See* UCC § 9-304. Debtor listed five bank accounts in its bankruptcy schedules.

However, with exceptions not relevant here, a security interest in a deposit account can only be perfected by "control." *See* UCC §§ 9-312(b)(1) & 9-314. The filing of a financing statement is ineffective. The record on appeal does not indicate that Newtek has or ever had control over Debtor's bank accounts, wherever they are located. This is a question for the bankruptcy court to determine on remand.

6 Del. C. § 9-310(a) provides the applicable Delaware law for perfecting a security interest in most types of personal property, including goods, inventory, accounts (e.g., accounts receivable),[7] and proceeds. It states, in relevant part: "a financing statement must be filed to perfect all security interests . . . ." 6 Del. C. § 9-501(a) provides that the proper location for such filing, "if the local law of this State governs perfection of a security interest," is the office of the Delaware Secretary of State. 6 Del. C. § 9-501(a)(2).

Newtek did not file a UCC-1 with the Delaware Secretary of State. As a result, its security interest in Debtor's personal property was not perfected. *See Lange v. Inova Cap. Funding, LLC (In re Qualia Clinical Serv., Inc.)*, 441 B.R. 325, 331 (8th Cir. BAP), *aff'd,* 652 F.3d 933 (8th Cir. 2011) (creditor's security interest was not perfected by filing a UCC-1 in Nebraska, where corporate debtor's principal place of business was located, since debtor's state of incorporation was Nevada); *In re Diabetes Am., Inc.,* 2012 WL 6694074, at *5 (creditor's security interest was not perfected by filing a UCC-1 in Texas, where corporate debtor's personal property was located, since debtor's state of incorporation was Delaware).

What Newtek essentially argues, and the bankruptcy court concluded, is that Delaware's perfection law would only apply to Debtor's personal property if the property was located in Delaware. That is not the law. Further,

---

[7] To perfect a security interest in Debtor's "accounts receivable," which is included in the definition of "accounts" in 6 Del. C. § 9-102(a)(2), Newtek was required to file a UCC-1 in Delaware. *See* 6 Del. C. § 9-310(a). Newtek argued that its interest in the receivables was properly secured by the UCC-1s filed in Nevada and New Mexico, assuming the accounts were located or generated there.

that position undermines one of the primary goals of Revised Article 9, which was to simplify the process by requiring that all UCC-1 filings for a given corporation be made in the corporation's state of incorporation, regardless of where the collateral is located or transported. *Aura Sys., Inc. v. Barovich (In re Aura Sys., Inc.),* 347 B.R. 720, 724 (Bankr. C.D. Cal. 2006), *aff'd sub nom.,* 286 F. App'x 446 (9th Cir. 2008). This change in the law has made things considerably easier for a party to perfect its security interest, especially in transactions involving debtors with multi-state business operations. Further, lenders must examine UCC-1 filings in only one state, not multiple states, to determine whether a perfected security interest exists for any collateral belonging to the corporation anywhere in the United States. *See id.*

Newtek failed to perfect its security interest in Debtor's personal property by not filing a UCC-1 in Delaware. As a result, it has an unperfected security interest and only an unsecured claim in Debtor's personal property, with perhaps an exception for any bank accounts.

## CONCLUSION

Newtek's proof of claim supports only an unsecured claim, with the exception of its undisputed secured interest in Debtor's real property valued at $340,000, and the possible exception of Debtor's deposit accounts. We REVERSE and REMAND for the bankruptcy court to determine the amount of the unsecured portion of Newtek's claim, and to enter an order allowing the secured and unsecured portions of the claim in the proper amounts.

11